# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GILBERTO DELEON BALDERAS, ) <br> ) <br>       Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HEAD NURSE DEBRA, ) <br> MAJOR MCLAURIN, ) <br> ) <br>       Defendants. ) | Case No. 18−cv−1535−JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Gilberto DeLeon Balderas, an inmate currently incarcerated at Marion County Law Enforcement Center, filed this action pursuant to 42 U.S.C. § 1983 for events that occurred at the St. Clair County Jail ("Jail"). The action was originally filed as *Deleon Balderas v. Wattson*, Case No. 18-cv-1368-JPG. After screening the Complaint, the Court severed several of Plaintiff's claims from the original case into separate actions ("Severance Order"). (Doc. 1). The instant case contains Counts 3-4, which were described as follows:[1]

    **Count 3** – Debra and McLaurin were deliberately indifferent in violation of the Eighth Amendment and/or Fourteenth Amendment when Debra withheld medication, gave Plaintiff unfamiliar medication, and refused Plaintiff's sick call requests, and McLaurin condoned her conduct.

    **Count 4** – Debra was deliberately indifferent to Plaintiff's diabetes when she refused to provide him with adequate afternoon snacks and/or diet trays and ignored McLaurin's orders to give Plaintiff fresh fruit in violation of the Eighth and/or Fourteenth Amendment.

Plaintiff's claims are before the Court for a preliminary review pursuant to 28 U.S.C.

---

[1] As the Court noted in the order severing these claims, the Complaint does not indicate whether Plaintiff was in the St. Clair County Jail to serve a sentence pursuant to a criminal conviction, or whether he was held there as a pretrial detainee.

1

§ 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A.

### Relevant Allegations

The allegations in the Complaint that relate to Counts 4 and 5 are as follows: Plaintiff is a Type 2 insulin-dependent diabetic. (Doc. 2, p. 6). As a result, he is supposed to receive an afternoon snack. *Id.* Nurse Debra was responsible for providing Plaintiff with his afternoon snack. *Id.* She regularly gave Plaintiff "old" snacks consisting of stale bread, bologna with mold, and sour milk. *Id.* Plaintiff contends that these snacks were not appropriate for a diabetic. (Doc. 2, p. 6). Nurse Debra also neglected to give Plaintiff the correct "diet trays," apparently in contravention of Plaintiff's medically necessary dietary needs. (Doc. 2, pp. 6-7). Plaintiff complained to Defendant McLaurin. (Doc. 1, p. 8). McLaurin directed Debra to provide Plaintiff with fresh fruit and "diabetic diet food." (Doc. 1, p. 8). Debra did not comply with McLaurin's directive, and when Plaintiff complained to McLaurin about her non-compliance, McLaurin refused to intervene on Plaintiff's behalf. *Id.*

Plaintiff had also been prescribed heartburn and pain medication. (Doc. 2, pp. 5-7). The pain medication was prescribed in May 2017, after Plaintiff fractured his knee and dislocated his collar bone. (Doc. 2, p. 5). Nurse Debra, who was angry with Plaintiff, stopped giving him his heartburn and pain medication. (Doc. 2, pp. 6-7). Nurse Debra re-started the pain medication when she learned of Plaintiff's injuries but did not return his heart burn pills. (Doc. 2, p. 7). Additionally, Nurse Debra occasionally gave Plaintiff the wrong medication and/or medication

he did not recognize. *Id.* When he inquired about the questionable medication, she responded by throwing it away. *Id.* Nurse Debra also ignored Plaintiff's sick call requests. *Id.* Plaintiff grieved the medication issues and sick call issues to McLaurin, who said he would not intervene with Debra. (Doc. 2, p. 8).

## **Applicable Standard**

As the Court noted in the order severing these claims, the Complaint does not indicate whether Plaintiff was in the St. Clair County Jail to serve a sentence pursuant to a criminal conviction, or whether he was held there as a pretrial detainee. The legal standard that governs Plaintiff's claims depends on his status as a convicted person or pretrial detainee at the Jail. The Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), is applicable if Plaintiff was a convicted prisoner during the relevant time period. *Estelle v. Gamble*, 429 U.S. 97 (1976). On the other hand, if Plaintiff was a pretrial detainee, the Fourteenth Amendment and the objective unreasonableness standard articulated in *Miranda v. County of Lake*, No. 17-1603, 2018 WL 3796482, at *11 (7th Cir. Aug. 10, 2018), govern Plaintiff's claims. *See Miranda, 900 F.3d at ——, 2018 WL 3796482, at *9*.

Counts 3 and 4 survive preliminary review under both standards—even the more demanding Eighth Amendment standard. Accordingly, the Court need not resolve Plaintiff's legal status at this time.

## **Analysis**

### **Count 3**

Plaintiff, at least minimally, states a claim of deliberate indifference in his assertion that Nurse Debra withheld medication, provided him with the wrong medication, and/or ignored his sick call requests. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). According to the

3

Complaint, Plaintiff was prescribed pain medication after he fractured his knee and dislocated his collarbone. This suggests that by withholding pain medication, Nurse Debra was exhibiting deliberate indifference to pain associated with an objectively serious condition and/or contravened doctors' orders. Plaintiff also claims that Nurse Debra withheld his heartburn medication and/or gave him the wrong heartburn medication. It is not entirely clear that Nurse Debra's conduct with respect to the heartburn medication rises to the level of a constitutional violation.[2] Nonetheless, the Court will allow the claim to proceed. Plaintiff may also proceed against McLaurin to the extent that he "turned a blind eye" to an ongoing constitutional violation. *See Perez v. Fenoglio,* 792 F.3d 768, 781 (7th Cir. 2015).

**Count 4**

The failure to provide diabetic inmates with a special diet could be cruel and unusual punishment in some circumstances. *See Sellers v. Henman*, 41 F.3d 1100, 1102-03 (7th Cir. 1994). Plaintiff, a diabetic with dietary restrictions, alleges Nurse Debra denied him medically appropriate snacks and/or meals. He also alleges that, although McLaurin initially directed Debra to provide him with appropriate meals and snacks, when he subsequently learned that Debra was not complying with that directive, he refused to intervene on Plaintiff's behalf. These allegations are sufficient to allow Count 4 to proceed as to Debra and McLaurin

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that Complaint, which includes **COUNTS 3** and **4** shall proceed as to **DEBRA** and **MCLAURIN.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **DEBRA** and

---

[2] For instance, it is not clear that the heartburn medication was needed to treat an objectively serious condition or if withholding the medication contravened doctors' orders. *See* e.g., *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (an inmate who was "vomiting on a regular basis and consuming large quantities of Maalox in an attempt to combat his heartburn, nausea, and vomiting" could prove deliberate indifference on the part of a nurse who withheld Maalox and gave the plaintiff "a medication known to aggravate his esophageal condition.).

4

**MCLAURIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 2), a copy of the Severance Order (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C.

§ 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 9, 2018**

s/J. Phil Gilbert
**U.S. District Judge**
