UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GILBERTO DELEON BALDERAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:18-cv-1535-GCS |
| ) | |
| PHILLIP MCLAURIN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM and ORDER**

**SISON, Magistrate Judge:**

Plaintiff Gilberto Deleon Balderas alleges that, while he was a pretrial detainee in the St. Clair County Jail, Defendants Hale and McLaurin were deliberately indifferent in violation of the Eighth and/or Fourth Amendment regarding Balderas's medication/medical needs and that Defendant Hale was deliberately indifferent to Balderas's diabetes by refusing to provide him with adequate afternoon snacks and fresh fruit.[1] On November 19, 2019, the Court held a hearing on Hale's motion for summary judgment regarding the exhaustion of administrative remedies. (Doc. 61). The Court issued a Report and Recommendation ("the Report") recommending that District Court Judge J. Phil Gilbert grant the motion for summary judgment and dismiss Hale without prejudice from the lawsuit for failure to exhaust administrative remedies. (Doc. 63). On December 6, 2019, with the final consent from the parties, the case was assigned to the

---

[1] On August 24, 2018, pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the claims in this case were severed from the claims in *Balderas v. Larson*, 3:18-cv-1368-JPG (Doc. 1).

undersigned to conduct all further proceedings. (Doc. 67). Thereafter, the undersigned adopted the Report given that no objections had been filed. Accordingly, on December 13, 2019, the Court granted the motion for summary judgment and dismissed without prejudice the claims against Hale for failure to exhaust administrative remedies. (Doc. 70).

On June 2, 2020, almost six months after the Court granted the motion for summary judgment, Balderas filed a motion to amend (Doc. 73) and a motion to appeal Court's dismissal/motion to appeal defendant's motion of summary judgment (Doc. 74), which the Court construed as a motion to reconsider. Defendant Hale filed a response to the motion to amend (Doc. 76) and a response to the motion to reconsider (Doc. 77). Defendant McLaurin also filed a response to the motion to amend (Doc. 78). Based on the reasons delineated below, the Court **DENIES** both motions.

First, the Court addresses the motion to reconsider. Motions to reconsider an interlocutory order are properly brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as the rule provides that an order adjudicating fewer than all the claims among the parties "may be revised at any time" before the entry of a final judgment. FED. R. CIV. PROC. 54(b). Motions to reconsider under Rule 54(b) are largely judged by the same standard as motions to alter or amend a judgment under Rule 59(e) and serve a limited function, which is to correct manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). A motion to reconsider is only proper where the Court has misunderstood a party, made a decision outside the adversarial issues presented to the Court by the parties, or made an error of apprehension (not of

reasoning) where a significant change in the law has occurred or where significant new facts have been discovered. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Here, the Court finds that reconsideration of the Order granting summary judgment and dismissing without prejudice Defendant Hale for failure to exhaust administrative remedies is not warranted. Balderas argues that he did not receive all relevant discovery to make proper objections and that because of his pro se status he had little to no understanding of the rules and procedures. As a result, his claims were dismissed. The Court rejects these arguments.

At the hearing on the motion for summary judgment regarding the exhaustion of administrative remedies in Cause No. 3:18-cv-1368-JPG (held right before the hearing in this case), Balderas testified about the steps he took to exhaust his administrative remedies while incarcerated at the St. Clair County jail and acknowledged receiving the grievance procedures.[2] He agreed that he understood them. In rendering the decision in this case, the undersigned specifically found:

> Based on the record, the undersigned finds that Balderas did not properly file a grievance, as required by the jail's procedures. The Court also finds that Balderas was not prevented by some affirmative misconduct from pursuing the grievance process. Plaintiff's testimony was difficult to follow and confusing, lapsing into rambling monologues unrelated to the matters at hand. Beyond that, the undersigned did not find Balderas's testimony to be credible. The evidence shows that Balderas filed six Captain's requests and received prompt responses to all six captain's requests. St. Clair County Jail records do not contain any grievances regarding these six Captain's requests, nor do they

---

[2]    As the issues regarding exhaustion were similar in both cases, the undersigned incorporated the evidence and argument presented during the 3:18-cv-1368-JPG hearing into this case.

contain any grievances on other matters. Balderas's testimony was not sufficiently credible to show that jail officials affirmatively interfered with his grievance access.

Despite testifying that he understood the grievance process and that he had a copy of the jail's procedures, there are no records to suggest that he submitted any relevant grievances to the St. Clair County Jail. Instead, it appears that Balderas did not follow through with the grievance procedure. Upon receipt of the responses to his captain's requests, the record and the testimony by Balderas lead the undersigned to conclude that Plaintiff stopped pursuing the grievance process at that point. As a result, he did not fully exhaust his administrative remedies prior to filing suit, and there is insufficient, credible evidence that the grievance process was unavailable to him at St. Clair County Jail.

(Doc. 63, p. 7, 8).[3] Balderas does not offer any new evidence nor does he reference a significant change in law that suggests a manifest error of law or fact occurred when the Court issued its Orders regarding the exhaustion of administrative remedies. Balderas's motion merely takes exception with the Court's ruling. Balderas has not established that having counsel in this case would have changed the outcome. Balderas also does not explain what discovery he did not have or need so that he could make proper objections to the Report. The record before the Court is clear that Balderas did not fully exhaust his administrative remedies because he stopped pursuing the grievance process while housed in the St. Clair County Jail prior to filing the lawsuit in this case and the lawsuit in 3:18-cv-1368-JPG. Accordingly, the Court **DENIES** the motion to reconsider.

As to the motion to amend, the Court also **DENIES** that motion. Balderas seeks to amend his complaint to re-add the same claims against Defendant Hale that have been

---

[3] The Court issued very similar findings in 3:18-cv-1368-JPG. *See Balderas v. Larson*, 3:18-cv-1368-JPG, Doc. 60, p. 7.

previously dismissed without prejudice. The record is clear that Balderas did not fully exhaust his administrative remedies against Defendant Hale because he stopped pursing the grievance process while housed at the St. Clair County Jail. Thus, Balderas cannot bring any claims against Defendant Hale in this lawsuit.

Accordingly, the Court **DENIES** Plaintiff's motion for leave to file an amended complaint (Doc. 73) and **DENIES** Plaintiff's motion to appeal the Court's dismissal/motion to appeal defendant's motion of summary judgment, which the Court construed as a motion to reconsider (Doc. 74).

**IT IS SO ORDERED.**

**Dated:  June 26, 2020.**

Digitally signed by Judge Sison
Date: 2020.06.26 08:03:34 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**