UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GILBERTO DELEON BALDERAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:18-cv-01535-GCS |
| ) | |
| PHILLIP MCLAURIN, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

## I. INTRODUCTION AND BACKGROUND

Plaintiff Gilberto Deleon Balderas alleges that, while he was incarcerated in the St. Clair County Jail, Defendants Hale and McLaurin were deliberately indifferent in violation of the Eighth and/or Fourteenth Amendment regarding Balderas's medication/medical needs and that Defendant Hale was deliberately indifferent to Balderas's diabetes by refusing to provide him with adequate afternoon snacks and fresh fruit.[1] On November 19, 2019, the Court held a hearing on Hale's motion for summary judgment regarding the exhaustion of administrative remedies. (Doc. 61).[2] The Court issued a Report and Recommendation ("the Report") recommending that District Court

---

[1] On August 24, 2018, pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the claims in this case were severed from the claims in *Balderas v. Larson*, 3:18-cv-1368-JPG. (Doc. 8). A claim against Dr. Larson for deliberate indifference to a broken knee and dislocated shoulder/collarbone remained and a claim against Hale for deliberate indifference to confirm Balderas's sunglass prescription to treat photosensitivity was dismissed without prejudice in 3:18-cv-01368-JPG.

[2] McLaurin did not file a motion for summary judgment for failure to exhaust administrative remedies.

Judge J. Phil Gilbert grant the motion for summary judgment and dismiss Hale without prejudice from the lawsuit for failure to exhaust administrative remedies. (Doc. 63). In rendering the decision, the undersigned specifically found:

> Based on the record, the undersigned finds that Balderas did not properly file a grievance, as required by the jail's procedures. The Court also finds that Balderas was not prevented by some affirmative misconduct from pursuing the grievance process. Plaintiff's testimony was difficult to follow and confusing, lapsing into rambling monologues unrelated to the matters at hand. Beyond that, the undersigned did not find Balderas's testimony to be credible. The evidence shows that Balderas filed six Captain's requests and received prompt responses to all six captain's requests. St. Clair County Jail records do not contain any grievances regarding these six Captain's requests, nor do they contain any grievances on other matters. Balderas's testimony was not sufficiently credible to show that jail officials affirmatively interfered with his grievance access.
>
> Despite testifying that he understood the grievance process and that he had a copy of the jail's procedures, there are no records to suggest that he submitted any relevant grievances to the St. Clair County Jail. Instead, it appears that Balderas did not follow through with the grievance procedure. Upon receipt of the responses to his captain's requests, the record and the testimony by Balderas lead the undersigned to conclude that Plaintiff stopped pursuing the grievance process at that point. As a result, he did not fully exhaust his administrative remedies prior to filing suit, and there is insufficient, credible evidence that the grievance process was unavailable to him at St. Clair County Jail.

(Doc. 63, p. 7, 8).[3]

On December 6, 2019, with the final consent from the parties, the case was assigned to the undersigned to conduct all further proceedings. (Doc. 67). Thereafter, the undersigned adopted the Report given that no objections had been filed. Accordingly, on

---

[3] The Court issued very similar findings in 3:18-cv-1368-JPG. *See Balderas v. Larson*, 3:18-cv-01368-JPG; Doc. 60, p. 7. On December 19, 2019, Judge Gilbert adopted the Report and Recommendation and dismissed without prejudice Balderas's claims for failure to exhaust administrative remedies. *Id*. at Doc. 64. The case was closed, and Judgment was entered. *Id*. at Doc. 65.

December 13, 2019, the Court granted the motion for summary judgment and dismissed without prejudice the claims against Hale for failure to exhaust administrative remedies. (Doc. 70).[4]

Pending before the Court is Defendant McLaurin's November 19, 2020 motion for summary judgment. (Doc. 80).[5] Defendant McLaurin argues that he is entitled to summary judgment as the record belies any claim that he was deliberately indifferent or objectively unreasonable to Balderas's serious medical issues. Between December 15, 2020 and March 10, 2021, the Court, on three separate occasions, allowed Balderas additional time to respond to the motion for summary judgment. *See* (Doc. 83, 88, 90). Balderas filed two responses to the motion: one dated March 15, 2021 (Doc. 92) and one dated March 26, 2021 (Doc. 96), to which Defendant McLaurin filed a reply. (Doc. 97). As the motion for summary judgment is ripe, the Court turns to address the merits of the motion.

---

[4]  On June 2, 2020, Balderas again filed suit against Hale and McLaurin alleging similar claims as the claims in this case. *See Balderas v. Hale*, 3:20-cv-00516-RJD, Doc. 1. On August 14, 2020, Senior District Judge J. Phil Gilbert dismissed with prejudice Balderas's claim against McLaurin for mishandling grievances and allowed claims to proceed against Nurse Hale for serving him rotten food, for withholding his prescription medications, and for retaliation for filing grievances about the rotten food and the withholding of prescription medications. *Id*. at Doc. 17.  On March 15, 2021, Magistrate Judge Reona J. Daly dismissed with prejudice Balderas's claims against Hale as timed barred, and Judgment was entered reflecting the same. (Doc. 33, 34).

[5]  Pursuant to Federal Rule of Civil Procedure 56, *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992) and *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), Defendant McLaurin filed a notice informing Balderas of the consequences of failing to respond to the motion for summary judgment. (Doc. 81).

## II. FACTS

The following facts are taken from the record and presented in the light most favorable to Balderas, the non-moving party, and all reasonable inferences are drawn in his favor. *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

At the time of the events alleged in the complaint, Defendant McLaurin was the Superintendent at the St. Clair County Jail ("jail"). Balderas was booked in jail on March 8, 2017 and released on August 11, 2017.

During Balderas's time in the jail, he submitted six Captain's requests as part of the grievance procedure at the jail, and Balderas received responses to these Captain's requests.

Balderas met with Defendant McLaurin on two occasions. Balderas believes that these meetings were arranged because of the Captain's requests he submitted.

After complaining about Hale not providing food for his diabetic condition, Balderas, Hale and Defendant McLaurin met on June 5, 2017. During this meeting, Defendant McLaurin ordered Hale to provide Balderas with fresh fruit along with a diabetic food tray. At this time, Balderas felt that Defendant McLaurin was on his side. He also felt that Hale acted unprofessionally and was angry about Defendant McLaurin ordering her to provide him with fresh fruit and a diabetic food tray. Thereafter, Balderas received concentrated fruit.

Balderas alleges that Hale took away his heartburn pills because she was upset that Defendant McLaurin had ordered her to give Balderas fresh fruit. Hale also denied Balderas his pain medications for a couple of weeks after the June 5, 2017 meeting.

On July 17, 2017, Balderas met with Hale, Defendant McLaurin and a Captain Doe for medical issues. Balderas did not ask for Hale to attend the meeting, and he asked McLaurin why Hale was at the meeting. Defendant McLaurin responded that this is about the nurse, this is about medical, so that is why she is here. Balderas brought a manilla folder containing the things he wanted to discuss. Balderas felt that Defendant McLaurin turned against him at this meeting. Balderas testified that Defendant McLaurin yelled at him near the end of the meeting when Balderas complained about not being allowed to have his sunglasses.

Balderas did not meet or see Defendant McLaurin after the July 17, 2017 meeting. Balderas testified that Defendant McLaurin did not threaten him.

The Medical Progress Notes from Balderas's medical records reflect that Balderas had 27 visits during his time at the jail.

Balderas believes that he was visited by Hale on only 3 or 4 occasions. Further, Balderas testified that he directly complained to Hale on one occasion about receiving an extra pill and about a p.m. snack. Balderas also stated that because Hale was "smart" he did not complain to her again.

Balderas recalls interacting with one nurse at least 20 to 30 times. He was also seen by another nurse about 20 to 30 times starting in June 2017. Balderas complained to one of the nurses about Hale 3 or 4 times until the nurse told him that Hale was the boss. As a result, Balderas stopped complaining about Hale to the nurse.

The Physician Order Forms from Balderas's medical records reveal 15 visits or orders from doctors. Balderas recalls being seen by doctors about 7 or 8 times during his

time at the jail. Balderas recalls that he complained to Dr. Larson about Hale's treatment towards him. Dr. Larson responded it was out of his hands.

### III. LEGAL STANDARDS

**A. Summary Judgment Standard**

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014)(citing FED. R. CIV. PROC. 56(a)). *Accord Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enterpr., Inc.*, 753 F.3d 676, 681-682 (7th Cir. 2014).

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the non-moving party. *See Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, and as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014).

**B.     Medical Care Claim under Eighth and Fourteenth Amendments**

The Eighth Amendment prohibits cruel and unusual punishments, and the deliberate indifference to the "serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009). A prisoner is entitled to "reasonable measures to meet a substantial risk of serious harm"—not to demand specific care. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A prisoner's dissatisfaction with a medical professional's prescribed course of treatment does not give rise to a successful deliberate indifference claim unless the treatment is so "blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

To prevail on a claim of deliberate indifference, a prisoner who brings an Eighth Amendment challenge of constitutionally deficient medical care must satisfy a two-part test. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(citation omitted). The first consideration is whether the prisoner has an "objectively serious medical condition." *Arnett*, 658 F.3d at 750. *Accord Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Hammond v. Rector*, 123 F. Supp. 3d 1076, 1084 (S.D. Ill. 2015)(citing *Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir. 2014)). It is not necessary for such a medical condition to "be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

*Accord Farmer v. Brennan*, 511 U.S. 825, 828 (1994)(violating the Eighth Amendment requires "deliberate indifference to a substantial risk of serious harm") (internal quotation marks omitted).

Prevailing on the subjective prong requires a prisoner to show that a prison official has subjective knowledge of—and then disregards—an excessive risk to inmate health. *See Greeno*, 414 F.3d at 653. The plaintiff need not show the individual "literally ignored" his complaint, but that the individual was aware of the condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). "Something more than negligence or even malpractice is required" to prove deliberate indifference. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). *See also Hammond*, 123 F. Supp. 3d at 1086 (stating that "isolated occurrences of deficient medical treatment are generally insufficient to establish . . . deliberate indifference"). Deliberate indifference involves "intentional or reckless conduct, not mere negligence." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)(citing *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

The constitutional rights of pre-trial detainees are "derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citations omitted). Pre-trial detainees are to remain free from "punishment," while prisoners are "entitled to be free from conditions that constitute 'cruel and unusual punishment.'" *Id.* (citing *Farmer*, 511 U.S. at 832 and *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Seventh Circuit previously applied a deliberate indifference standard derived from the Eighth Amendment to constitutional claims raised by pre-trial

detainees, but the application of that standard was called into question by the Supreme Court in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), which held that a standard of objective reasonableness applies to excessive force claims brought by pre-trial detainees.

The Seventh Circuit extended the holding of *Kingsley* to medical-care claims brought by pre-trial detainees and sided with the position taken by the Ninth and Second Circuits. *See Miranda v. County of Lake*, 900 F.3d 335, 351-352 (7th Cir. 2018). In essence, the Court considers whether, under the totality of the circumstances, the individual accused of having provided inadequate medical care or inadequate access to medical care responded in an objectively reasonable manner. *See McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018).

The Supreme Court described the application of the objective reasonableness standard in *Kingsley* as follows: "[a] court (judge or jury) cannot apply this standard mechanically. Rather, objective reasonableness turns on the 'facts and circumstances of each particular case.'" *Kingsley*, 576 U.S. at 397 (citations omitted). The Seventh Circuit reiterated this principle in *McCann*, explaining that, when evaluating whether challenged conduct is objectively unreasonable, courts must "focus on the totality of facts and circumstances . . . ." *McCann*, 909 F.3d at 886.

### IV.  ANALYSIS

McLaurin argues he is entitled to summary judgment as the record belies any claim that he was objectively unreasonable or deliberately indifferent to Balderas's serious medical needs. While neither party addressed the issue of whether Balderas had a serious medical condition, the Court, after drawing all inferences in the light most

favorable to Balderas, finds that a reasonable jury could conclude that Balderas had an objectively serious medical condition.

Despite the finding of an objectively serious medical condition, the Court finds that Balderas failed to present sufficient evidence to support a reasonable jury finding either that McLaurin acted with deliberate indifference (under the Eighth Amendment) or that McLaurin was objectively unreasonable to Balderas's medical needs (under the Fourteenth Amendment).[6] A court will not find a jail official to have acted with deliberate indifference to an inmate's medically related requests if he reasonably relied on the judgment of medical personnel. *See Miranda*, 900 F.3d at 343. McLaurin was entitled to defer to the judgment of jail health professionals, so long as he did not ignore Balderas. *See Diggs v. Ghosh*, 850 F.3d 905, 911 (7th Cir. 2017); *Hayes*, 546 F.3d at 527–528; *Johnson v. Doughty*, 433 F.3d 1001, 1010–11 (7th Cir. 2006); *Greeno*, 414 F.3d at 655–656; *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Balderas testified that he met with McLaurin two times. (Doc. 80-4, p. 10). During his first meeting with McLaurin and Nurse Hale on June 5, 2017, McLaurin ordered Hale to give Balderas fresh fruit, along with diabetic food. (Doc. 80-4, p. 3). Next, Balderas requested a second meeting with McLaurin to discuss his medical issues. During this second meeting on July 17, 2017, Balderas, McLaurin, Hale, and a Captain Doe were all present. (Doc. 80-4, p. 7). During this meeting, Balderas testified that McLaurin was

---

[6] The Court will analyze Balderas's medical claim under both the Eighth Amendment and the Fourteenth Amendment as the record is not clear as to whether he was a post-conviction prisoner or a pre-trial detainee at the time of the allegations in the complaint.

against him; he also noted that McLaurin yelled at Balderas and supported Captain Doe decision to tear up and/or throw away Balderas's complaint requests if Captain Doe thought they were "bullshit." (Doc. 80-4, p. 6-10).

Even construing the evidence in the light most favorable to Balderas, the Court finds that McLaurin's conduct during these two meetings does not constitute deliberate indifference nor can it be classified as objectively unreasonable to Balderas's medical needs. The record shows that Balderas received ongoing and substantial medical treatment from other healthcare members at the jail. In fact, Balderas admitted he only saw Hale for medical issues on four occasions. (Doc. 80-4, p. 13). Additionally, Balderas conceded he was seen by a supervising physician, Dr. Larson; he also complained to Dr. Larson about his problems with Hale. It is clear that McLaurin did not provide, direct, or take part in Balderas's medical care.

Moreover, Balderas's responses to the summary judgment motion do not establish that McLaurin was deliberately indifferent or that he was objectively unreasonable to his medical needs. In his first response, Balderas primarily complains about Hale and his personal disagreements with her. In fact, in this response, Balderas states that McLaurin ordered Hale to provide him with fresh fruit and the diabetic meal. Likewise, in his second response, Balderas re-raises various issues and claims, *e.g.*, that he was not allowed to have his sunglasses, that his cell was subject to a shakedown, and that his grievances were not forwarded. These claims are not in the present suit, as they were severed from this case, and as previously noted, the claim regarding Balderas's

sunglasses was dismissed without prejudice in the other case. As such, these claims are irrelevant to this action.

Lastly, the record reveals that jail staff and McLaurin were responsive to Balderas's healthcare needs in that he complained to jail staff, and he received prompt and adequate responses. Indeed, the undesigned previously found Balderas received prompt responses to his six Captain's requests. The Captain's requests and responses included claims about Balderas's diabetic snacks and medical treatment. Thus, there is no evidence that McLaurin either ignored or disregarded Balderas's complaints. Based on the circumstances of this case, it was reasonable for McLaurin to rely on the advice and treatment rendered by the medical professionals. Accordingly, no reasonable jury could find that there is evidence that McLaurin was deliberately indifferent or ignored Balderas's medical needs. Nor could any reasonable jury find that McLaurin's conduct was objectively unreasonable.

## V. CONCLUSION

Accordingly, the Court **GRANTS** Defendant McLaurin's motion for summary judgment. (Doc. 80). The Court **FINDS** in favor of Defendant McLaurin and against Plaintiff Balderas. The Court **DIRECTS** the Clerk of the Court to enter judgment and close the case.

**IT IS SO ORDERED.**

**Dated: April 22, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.04.22 16:26:30 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**